**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JEREMY PINSON,<br>    *Plaintiff,* | : Case No. 3:23-CV-384 (OAW)<br>:<br>: |
| *v.* | :<br>: |
| FEDERAL BUREAU OF PRISONS,<br>    *Defendant.* | :<br>: |

**INITIAL REVIEW ORDER**

Self-represented Plaintiff Jeremy Pinson ("Plaintiff") is a transgender woman currently confined at the United States Penitentiary in Tucson, Arizona. Plaintiff has filed a complaint seeking entry into the Female Integrated Treatment ("FIT") Program available at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). The FIT program offers to female offenders cognitive behavioral therapy for substance use disorders, mental illness, and trauma-related disorders, as well as vocational training. Plaintiff alleges that the Bureau of Prisons ("BOP") has denied her entry into the FIT program on the basis that her sex assigned at birth is male, and that she possesses male genitalia. She asserts claims for violating her rights under the Fifth and Eighth Amendments and the Rehabilitation Act, 29 U.S.C. § 794, and seeks only injunctive relief.

I. **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

1

such relief." See 28 U.S.C. § 1915A(b)(1)-(2).  Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

With respect to pro se litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

2

471, 474 (2d Cir. 2006) (per curiam)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (internal citations omitted)).  This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above: a pro se complaint still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).  Therefore, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the court may not "invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted),

## II.   FACTUAL BACKGROUND

Plaintiff is a transgender woman who transitioned from being male to female, who has been diagnosed with gender dysphoria.  Compl. 1, ECF No. 1.  She has "serious and chronic" mental health and substance abuse treatment needs. *Id.*  Plaintiff has been the subject of severe physical, sexual, and emotional abuse including several hospitalizations following assaults, with and without weapons, by cisgender male inmates. *Id.* at 1–2. Plaintiff alleges that she suffers from severe depression and anxiety, and has attempted suicide several times. *Id.* at 2. Plaintiff is housed with sexual predators who threaten to rape her and prostitute her to other cisgender male inmates. *Id.*  They use violence to overcome her resistance to their sexual advances. *Id.*

BOP has refused to permit Plaintiff to participate in FIT at FCI Danbury, basing

its decision on her gender assigned at birth (which is male), and the fact that Plaintiff still has male genitalia.  *Id.*

### III.     DISCUSSION

Before assessing the merits of Plaintiff's constitutional claims, the court must determine whether it has jurisdiction to adjudicate them.  Ordinarily, an inmate may seek relief against prison officials for violations of their constitutional rights under 42 U.S.C. § 1983.  However, an action brought under § 1983 is designed to address the conduct of state officials (rather than any federal action) and, consequently, an essential element of a § 1983 claim is that the defendant acted under color of state law.  For federal inmates such as Plaintiff, relief may be sought in the form of a *Bivens* claim.  In the landmark decision of *Bivens v. Six Unknown Named Agents*, the Supreme Court of the United States recognized the right of a federal inmate to recover damages for violations by federal law enforcement officers in their individual capacities.  *See* 403 U.S. 388, 389 (1971).  Plaintiff's complaint, however, does not seek money damages against any particular federal officials.  Instead, Plaintiff asserts her claims directly against BOP (as an agency) and she exclusively seeks injunctive relief as her remedy.  Thus, her claims are not cognizable as a *Bivens* action.  *See Yorzinski v. Imbert*, 39 F. Supp. 3d 218, 229 (D. Conn. 2014) ("[U]nder *Bivens*, a court may only award money damages, not injunctive relief, to a prevailing party." (citing *Polanco v. U.S. Drug Enf't Agency*, 158 F.3d 647, 652 (2d Cir. 1998))).  Accordingly, any *Bivens* claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Moreover, because Plaintiff's claims seek relief from BOP, her lawsuit targets the United States, and the court must consider principles of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff's claim for injunctive relief may be cognizable under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, which waives sovereign immunity for claims asserting wrongful agency action and seeking relief other than money damages. *See* 5 U.S.C. § 702; *see also Polanco*, 158 F.3d at 650–52 (explaining that district court should construe complaint seeking only injunctive relief as filed under the APA rather than *Bivens*). Plaintiff's claim is cognizable under the APA, however, only if Plaintiff has no other adequate remedy in court. *See* 5 U.S.C. § 704 (court may only review agency action "for which there is no other adequate remedy in a court"). Cases permitted to proceed under the APA generally involve a challenge to prison policies. *See Gray v. Licon-Vitale*, No. 3:19-CV-1291(MPS), 2020 WL 1532307, at *3 (D. Conn. Mar. 31, 2020) (citing cases). Where, as in *Gray*, the claim focuses on the application of a prison policy to the plaintiff-inmate, the claim is not cognizable under the ADA. This is because the inmate may obtain relief through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See id*. The court concludes that Plaintiff's claim is not cognizable under the APA because she has the alternative recourse of seeking judicial relief through a petition for writ of habeas corpus. Any ADA claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, the court considers whether Plaintiff can pursue her claims under the Rehabilitation Act. To establish a prima facie case under the Rehabilitation Act, Plaintiff must allege facts showing that "(1) she is a qualified individual with a disability; (2) the

5

BOP is an entity subject to the Act; and (3) she was denied the opportunity to participate in or benefit from the BOP's services, programs, or activities or the BOP otherwise discriminated against her by reason of her disability." *Cardoza v. Pullen*, No. 3:22-CV-00591(SVN), 2022 WL 3212408, at *16 (D. Conn. Aug. 9, 2022) (citing *Wright v. N. Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016)).  BOP is an entity subject to the Rehabilitation Act, *see id.*, and Plaintiff alleges that BOP discriminated against her because of her disability.  Thus, the issue is whether Plaintiff is disabled within the meaning of the Rehabilitation Act.

Although Plaintiff describes many disabling conditions including substance abuse, depression, and attempted suicide, she alleges that she was denied participation in the FIT program because she has gender dysphoria and is not a cisgender female.  Courts within the Second Circuit have not addressed whether gender dysphoria is a disability under the Rehabilitation Act.  No circuit court of appeals has ruled squarely on the issue, and other district courts remain divided. In 2019, the Southern District of Illinois noted the significant disagreement whether gender dysphoria is covered or excluded by the Rehabilitation Act and concluded, "[a]t this point in the case, the Court cannot categorically say that gender dysphoria falls within the RA's exclusionary language and will err on the side of caution to allow Plaintiff's claim to proceed." *Iglesias v. True*, 403 F. Supp. 3d 680, 688 (S.D. Ill. July 25, 2019).  More recently in 2022, the United States Court of Appeals for the Fourth Circuit ruled that gender dysphoria falls outside of the meaning of gender identity disorder and falls into the ambit of disabilities protected under the Americans with Disabilities Act ("ADA").  *See Williams v. Kincaid*, 45 F.4th 759, 769

(4th Cir. 2022) (holding that finding of gender dysphoria to be a protected disability under the ADA was enough to "nudge" plaintiff's claims from "conceivable to plausible").

As the issue remains unclear and the case law regarding the legal issue is only just beginning to develop, this court also will permit Plaintiff's claim to proceed under the Rehabilitation Act.

## **ORDERS**

All claims under *Bivens* and the APA are DISMISSED pursuant to 28 U.S.C. § 1915A(b).  The claims under the Rehabilitation Act will proceed.

The court enters the following orders.

(1) The Clerk shall deliver three copies of the summons and complaint with attached exhibit to the United States Attorney for the District of Connecticut at any one of the three offices, send two copies of the summons and complaint with attached exhibit by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, and send a copy of the summons and complaint with attached exhibit by registered or certified mail to the Bureau of Prisons at 320 First Street, N.W., Washington, D.C. 20534.

(2) The Clerk shall send Plaintiff a copy of this Order.

(3) Defendant shall file its response to the complaint, either an answer or motion to dismiss within **sixty (60) days** from the date of service of the summons. If it chooses to file an answer, it shall admit or deny the allegations and respond to the cognizable claim recited above.  It also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.  If no response is filed, or if the response is not timely, the dispositive motion can be granted absent objection.

(7) If Plaintiff changes her address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that Plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if she is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, she should indicate all case numbers in the notification of change of address.  Plaintiff should also notify Defendant or Defendant's attorney of her new address.

**IT IS SO ORDERED** at Hartford, Connecticut, this 1st day of December, 2023.

                                                                        /s/
                                                    Omar A. Williams
                                                    United States District Judge